IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRAFINNA WILSON, : | |
| Plaintiff, : | |
| v. : | C.A. No. _____ |
| CHRISTIANA CARE HEALTH SERVICES, INC. : | |
| Defendant. : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Christiana Care Health Services, Inc. ("Christiana Care"), by and through its attorneys, hereby removes this action from the Superior Court of the State of Delaware In and For Kent County to the United States District Court for the District of Delaware on the following grounds:

1.  On or about October 25, 2006, plaintiff Trafinna Wilson ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of Delaware in and for Kent County. Exhibit 1. The action was docketed as Civil Action No. 06C-10-038.

2.  On November 2, 2006, the Sheriff of New Castle County, Delaware served the Complaint on Defendant Christiana Care. Exhibit 1.

3.  This Notice of Removal is being filed within 30 days after Christiana Care first received service of the action and it is therefore timely filed with this Court pursuant to 28 U.S.C. § 1446(b).

1487644/1

4.  No filings or proceedings other than those identified in paragraphs 1 through 2 have occurred in this action. Exhibit 1 constitutes all process and pleadings served thus far in this action.

5.  Plaintiff alleges in Count II of her Complaint that Christiana Care "violated 42 U.S.C. § 1981" by "discriminating against Plaintiff on the basis of her race, regarding the terms and conditions of Plaintiff's employment and the termination of Plaintiff's employment." Exhibit 1, ¶ 25.

6.  This Court has original jurisdiction over Count II which is raised under 28 U.S.C. § 1331 in that the claim arises under the laws of the United States.

7.  Removal of this action from the Superior Court of the State of Delaware to this Court is therefore proper under 28 U.S.C. § 1441(a), because this Court would have had original jurisdiction of the action under 28 U.S.C. § 1331 had the action been initially filed in this Court. Exhibit 1, ¶¶ 24-26.

8.  Plaintiff's remaining state law claims for race and sex discrimination and breach of the implied covenant of good faith and fair dealing are integrally related to the Plaintiff's claim under 42 U.S.C. § 1981, and thus form the same case or controversy. Exhibit 1, ¶¶ 21-23, 27-30. Accordingly, this Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. 1367.

9.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of Delaware. A copy of the Notice of Filing Notice of Removal, without the exhibit, is attached hereto as Exhibit 2.

WHEREFORE, Defendant respectfully asks that this action be duly removed to this Court, and that it proceed herein.

                Respectfully submitted,

                */s/ James H. McMackin*
                David H. Williams (I.D. No. 616)
                James H. McMackin, III (I.D. No. 4284)
                MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                222 Delaware Avenue
                P.O. Box 2306
                Wilmington, DE 19899
                (302) 888-6900/5849
                dwilliams@morrisjames.com
                jmcmackin@morrisjames.com

Of Counsel:

Michael J. Ossip (mossip@morganlewis.com)
Thomas S. Bloom (tbloom@morganlewis.com)
Kendra L. Baisinger (kbaisinger@morganlewis.com)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5761

                Attorneys for Defendant

Dated: November 21, 2006

## CERTIFICATE OF SERVICE

I, James H. McMackin, III, hereby certify that on this 21st day of November 2006, a true and correct copy of the foregoing **Notice of Removal** was served by first-class mail, postage prepaid on the following counsel:

> William D. Fletcher, Jr., Esquire
> Noel E. Primos, Esquire
> Schmittinger & Rodriguez, P.A.
> 414 S. State St.
> P.O. Box 497
> Dover, DE 19903-0497

_____
James H. McMackin, III

1487642/1

**EXHIBIT 1**

RECEIVED

NOV -2 2006

Legal Offices - Wilmington
Christiana Care Health Services

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

TRAFINNA WILSON,

    Plaintiff,

v.

CHRISTIANA CARE HEALTH
SERVICES, INC., a domestic
corporation,

    Defendant.

C.A. No. 06C-10-038 WLW

ARBITRATION CASE

TRIAL BY JURY DEMANDED

## SUMMONS

THE STATE OF DELAWARE,
TO THE SHERIFF OF NEW CASTLE COUNTY
YOU ARE COMMANDED:

    To summon the above named defendant, CHRISTIANA CARE HEALTH SERVICES, INC., so that within 20 days after service hereof up Defendant, exclusive of the day of service, Defendant shall serve upon William D. Fletcher, Jr., Esquire, Plaintiff's attorney, whose address is 414 S. State Street, Dover, DE 19901, an answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon Defendant, a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by Plaintiff).

Dated:_____

                                            Lisa M. Robinson
                                              Prothonotary

                                              Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the affidavit of demand, if any).

                                            Lisa M. Robinson
                                            Prothonotary

                                             Per Deputy

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

TRAFINNA WILSON,

    Plaintiff,

v.

CHRISTIANA CARE HEALTH SERVICES, INC., a domestic corporation,

    Defendant.

C.A. No. 06C-10-038 WLW

ARBITRATION CASE

TRIAL BY JURY DEMANDED

## COMPLAINT

1. Plaintiff Trafinna Wilson (hereinafter "Plaintiff") is a resident of the State of Delaware, residing at 234 Locust Avenue, Wilmington, DE 19805.

2. Defendant Christiana Care Health Services, Inc. (hereinafter "Christiana Care") is a Delaware corporation whose registered agent for service of process is Christiana Care Health Services, Inc., 501 West 14th Street, Wilmington, Delaware, 19899.

3. Defendant Christiana Care is an employer within the State of Delaware and within the jurisdictional coverage of 19 Delaware Code §710 et. seq.

4. Jurisdiction is conferred on this court by 19 Delaware Code §715.

5. Plaintiff brings this action to redress the wrongs done to her by Defendant's discrimination against her on the basis of her race and sex.

6. Plaintiff timely submitted a complaint of discrimination on the basis of race, sex and national origin to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff has received a Notice of Right to Sue for the above-referenced charges from the DDOL.

8. Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the Notice of Right to Sue.

9. Plaintiff is a female whose race is black.

10. Prior to her discharge on or about August 23, 2005, Plaintiff was employed by Defendant Christiana Care as an Account Processor, having begun her employment in March of 1998.

11. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

12. On or about August 8, 2005, Plaintiff was approached by her supervisor, Melinda Fitzgerald, a white female and asked to trade employment positions with one of Plaintiff's co-workers, Terri Eastburn, a white female. This request was made when Ms. Fitzgerald's supervisor, Larry Bryson, a black male, was absent from the office.

13. Plaintiff refused to give up her employment position, as the new position she was being offered amounted to a demotion.

14. Subsequently, Ms. Fitzgerald again demanded that Plaintiff trade positions with Terri Eastburn to which Plaintiff refused.

15. On or about August 9, 2005, Plaintiff met with Ms.

Fitzgerald's supervisor, Larry Bryson, who informed Plaintiff that Ms. Fitzgerald could not unilaterally compel Plaintiff to switch positions.

16. After further requests from Ms. Fitzgerald to transfer work positions were refused by Plaintiff, Ms. Fitzgerald complained to her supervisors at Christiana Care that Plaintiff had violated Christiana Care's policy on personal use of the telephones and internet.

17. Many other individuals in the department where Plaintiff worked used the telephone and internet for personal business.

18. Defendant was aware that Plaintiff's co-workers used the telephone and internet for personal business.

19. Based on Ms. Fitzgerald's representations, Plaintiff was terminated by Christiana Care on or about August 23, 2005. Plaintiff's last day of work for Defendant Christiana Care was August 16, 2005.

20. Plaintiff suffered differential treatment in that she was terminated for alleged personal telephone and internet use while her non-black or male co-workers were not disciplined for their similar personal use of the telephones and internet during work hours.

## COUNT I

21. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 20 hereinabove.

22. Defendant Christiana Care discriminated against Plaintiff with regard to the terms and conditions of her employment and

terminated her employment on the basis of her race and sex in violation of 19 Del. C. §710 et. seq.

23. As a direct result of this unlawful discriminatory conduct of Defendant Christiana Care, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Christina Care Health Services, Inc. for:

    A. Back pay, including interest;

    B. Reinstatement if feasible, or in the alternative, front pay;

    C. Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

    D. Punitive damages;

    E. Pre-judgment and post-judgment interest;

    F. Attorney's fees; and

    G. Any other relief that this court deems just.

## COUNT II

24. Plaintiff hereby restates and incorporates by this reference paragraphs 1 through 23 hereinabove.

25. By committing the acts set forth in this Complaint, and specifically by discriminating against Plaintiff on the basis of her race, regarding the terms and conditions of Plaintiff's

employment and the termination of Plaintiff's employment, Defendant has violated 42 U.S.C. §1981 et seq.

26. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant, Christiana Care Health Services, Inc. for:

A. Back pay, including interest;

B. Reinstatement if feasible, or in the alternative, front pay;

C. Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

D. Punitive damages;

E. Pre-judgment and post-judgment interest;

F. Attorney's fees; and

G. Any other relief that this court deems just.

### COUNT III

27. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 26 hereinabove.

28. By its actions as described in this Complaint, including but not limited to, unlawful discrimination against Plaintiff regarding her employment status, and disciplining her for actions that it did not discipline her co-workers for committing,

Defendant has breached the covenant of good faith and fair dealing implied under Delaware law and due Plaintiff.

29. Defendant's actions in breaching the implied covenant of good faith and fair dealing were wilful and/or wanton.

30. As a direct result of the wrongful conduct of Defendant and its agents, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Christiana Care Health Services, Inc. for:

A. Back pay, including interest;

B. Reinstatement, if feasible, or in the alternative, front pay;

C. Punitive damages;

D. Pre-judgment and post-judgment interest;

E. Attorney's fees; and

F. Any other relief that this Court deems just.

Respectfully submitted,

SCHMITTINGER & RODRIGUEZ, P.A.

BY: /s/ William D. Fletcher, Jr.
WILLIAM D. FLETCHER, JR., ESQUIRE
(I.D. #362)

BY: /s/ Noel E. Primos
NOEL E. PRIMOS, ESQUIRE
(I.D. #3124)
414 S. State Street
P.O. Box 497
Dover, DE 19903-0497
(302) 674-0140
Attorneys for Plaintiff

DATED: 10/25/06

# EXHIBIT 2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | |
|---|---|
| TRAFINNA WILSON,<br><br>        Plaintiff,<br><br>v.<br><br>CHRISTIANA CARE HEALTH SERVICES, INC.<br><br>        Defendant. | :<br>:<br>:<br>:<br>:   C.A. No. 06C-10-038 (WLW)<br>:<br>:<br>:<br>: |

## NOTICE OF FILING NOTICE OF REMOVAL

TO PROTHONOTARY OF THE SUPERIOR COURT:

Please take notice that Defendant Christiana Care Health Services, Inc. filed a Notice of Removal in the above-captioned case in the United States District Court for the District of Delaware on November 21, 2006. A copy of the Notice of Removal is attached as Exhibit 1.

*/s/ James H. McMackin*
David H. Williams (I.D. No. 616)
James H. McMackin, III (#4284)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Of Counsel:

Michael J. Ossip (mossip@morganlewis.com)
Thomas S. Bloom (tbloom@morganlewis.com)
Kendra L. Baisinger (kbaisinger@morganlewis.com)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5761

Attorneys for Defendant

Dated: November 21, 2006

1487635/1

## CERTIFICATE OF SERVICE

I, James H. McMackin, III, hereby certify that on this 21st day of November 2006, a true and correct copy of the foregoing **Notice of Filing Notice of Removal** was served by first-class mail, postage prepaid on the following counsel:

>William D. Fletcher, Jr., Esquire
>Noel E. Primos, Esquire
>Schmittinger & Rodriguez, P.A.
>414 S. State St.
>P.O. Box 497
>Dover, DE 19903-0497

_____
James H. McMackin, III

1487642/1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF
Trafinna Wilson

**DEFENDANT**
Christiana Care Health Services, Inc.

**(b)** County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William D. Fletcher, Jr.
Noel E. Primos
Schmittinger & Rodriguez, P.A.
414 S. State St.
P.O. Box 497
Dover, DE 19903

Attorneys (If Known)
David H. Williams (#616)          Michael J. Ossip
James H. McMackin, III (#4284)    Thomas S. Bloom
Morris, James, Hitchens &         Kendra L. Baisinger
  Williams LLP                    Morgan, Lewis & Bockius LLP
222 Delaware Avenue               1701 Market Street
P.O. Box 2306                     Philadelphia, PA 19103
Wilmington, DE 19899 (302) 888-6900   (215) 963-5000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. §§ 1441 and 1446**

Brief description of cause: **Employment Discrimination (Race and Sex)**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND **Not specified**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE **Nov. 21, 2006**       SIGNATURE OF ATTORNEY OF RECORD
                             /s/ James H. McMackin

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

1-WA/2604781.1

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants**. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 6 - 7 0 5

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___1___ COPIES OF AO FORM 85.

NOV 2 1 2006
(Date forms issued)

(Signature of Party or their Representative)

Kevin Reinbold
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action