IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRAFINNA WILSON, | : |
| | : C.A. No. 06-CV-00705 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CHRISTIANA CARE HEALTH SERVICES, INC. | : |
| | : |
| Defendant. | : |

**DEFENDANT'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Christiana Care Health Services, Inc. ("Defendant" or "Christiana Care"), through its attorneys, hereby answers the Complaint of Plaintiff Trafinna Wilson ("Plaintiff") in accordance with its numbered paragraphs as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Admitted.

3. The allegations in paragraph 3 contain conclusions of law to which no responsive pleading is required.

4. The allegations in paragraph 4 contain conclusions of law to which no responsive pleading is required.

5. The allegations in paragraph 5 contain conclusions of law to which no responsive pleading is required. By way of further response, Christiana Care denies that it violated any law and denies that Plaintiff is entitled to any relief.

6. The allegations in paragraph 6 contain conclusions of law to which no responsive pleading is required.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. The allegations in paragraph 8 contain conclusions of law to which no responsive pleading is required.

9. Admitted.

10. Defendant admits that Plaintiff was employed by Defendant from March 16, 1998 until mid- or late-August 2005. It is denied that Plaintiff was employed as an account processor immediately before her employment was terminated.

11. Denied.

12. Defendant admits only that on or about August 8, 2005, Melinda Fitzgerald, who is a white female, spoke with Plaintiff about cross-training with another employee, Terri Eastburn, who is also a white female. The remaining allegations of paragraph 12 are denied.

13. Denied.

14. Denied.

15. Defendant admits only that Larry Bryson met with Plaintiff on August 10, 2005. The remaining allegations of paragraph 15 are denied.

16. Defendant admits only that department management determined that Plaintiff violated Christiana Care's policy on personal use of telephones and internet service. The remaining allegations of paragraph 16 are denied.

17. Denied. By way of further answer, Christiana Care denies that anyone in Plaintiff's department was similarly situated to Plaintiff.

18. Denied. By way of further answer, Christiana Care denies that anyone in Plaintiff's department was similarly situated to Plaintiff.

19. Defendant admits only that Plaintiff's last day of work at Christiana Care was August 16, 2005, and that she was informed of her termination on August 23, 2005. The remaining allegations of paragraph 19 are denied.

20. Denied.

## COUNT 1

21. Defendant hereby incorporates by reference its answers to paragraphs 1 through 20.

22. Denied.

23. Denied.

## COUNT II

24. Defendant hereby incorporates by reference its answers to paragraphs 1 through 23.

25. Denied.

26. Denied.

## COUNT III

27. Defendant hereby incorporates by reference its answers to paragraphs 1 through 26.

28. Denied.

29. Denied.

30. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims for monetary relief are barred or diminished to the extent she has failed to mitigate her damages.

2. To the extent Plaintiff is claiming discrimination or bringing any statutory claim, Plaintiff's claims are barred for failure to satisfy the statutory and/or jurisdictional prerequisites to the institution of an action under any such statute.

3. Plaintiff's demand for punitive damages is barred in whole or in part because Defendant has made good faith efforts to comply with anti-discrimination laws at all times and has adopted, publicized, and enforced policies against the type of discrimination alleged in the Complaint.

4. All actions taken with respect to Plaintiff were taken in good faith and without discriminatory, harassing or retaliatory motive and for legitimate, non-discriminatory reasons.

**WHEREFORE**, Defendant requests that the Court grant judgment in Defendant's favor on all claims contained in the Complaint and award to Defendant its reasonable costs and attorneys' fees incurred in defending against this action.

*/s/ David H. Williams*
David H. Williams (I.D. No. 616)
James H. McMackin, III (I.D. No. 4284)
MORRIS, JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Of Counsel:

Michael J. Ossip (mossip@morganlewis.com)
Thomas S. Bloom (tbloom@morganlewis.com)
Kendra L. Baisinger (kbaisinger@morganlewis.com)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5761

Attorneys for Defendant

Dated:  November 29, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRAFINNA WILSON, : | |
| : | C.A. No. 06-CV-00705 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CHRISTIANA CARE HEALTH SERVICES, INC. : | |
| : | |
| Defendant. : | |

### CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on November 29, 2006, I electronically filed the attached **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

> William D. Fletcher, Jr., Esquire
> Noel E. Primos, Esquire
> Schmittinger & Rodriguez, P.A.
> 414 S. State St.
> P.O. Box 497
> Dover, DE 19903-0497

/s/ David H. Williams
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849

Of Counsel:

Michael J. Ossip
Thomas S. Bloom
Kendra L. Baisinger
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5761/5543

Dated:  November 29, 2006        Attorneys for Defendant

1488704/1